UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EDDIE F. BILLINGSLEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO: 1:13-CV-106 |
| v. | ) |
| OFFICER CHRISTIAN T. SHENEFIELD, | ) |
| C-885; OFFICER SCOTT A. MCGAULEY, | ) |
| C-338; CORPORAL CLINTON D HAKE, | ) |
| C-961; AND THE ALLEN COUNTY | ) |
| SHERIFF KEN FRIES (in his representative | ) |
| capacity), | ) |
| | ) |
| DEFENDANTS | ) |

## OPINION AND ORDER

Before the Court is the Defendants' "Motion to Enforce Settlement" filed on May 20, 2015. Plaintiff, through counsel, responded on June 25, 2015. The Defendants did not reply. The crux of the Defendants' motion revolves around settlement negotiations conducted via telephone by the parties on October 9, 2014, that culminated in a settlement agreement fully disposing of the case. Both counsel agree that a settlement was reached in the case and the parties are in agreement that the Defendants' proposed Settlement Agreement accurately recites the settlement reached by the parties. However, subsequent to the settlement being reached, the Plaintiff has not executed the settlement documents. It is unclear from the filings whether Plaintiff has refused to sign the documents because of some issue he has with the documents themselves or whether he is simply noncompliant for another reason. Plaintiff's counsel has filed with the Court, under seal, communications between he and his client indicating that he mailed the proposed Settlement Agreement to plaintiff on May 21, 2015 but plaintiff did not respond. Likewise, counsel advised

1

Plaintiff of the current motion but no action has been taken by the plaintiff to conclude the settlement. For this reason, Defendant's motion seeks to enforce the settlement agreement and dismiss the action with prejudice.

It is crucial to note that this Court has jurisdiction over the Motion to Enforce Settlement because the case is still pending before this Court. *Cent. Laborers' Pension Fund v. AEH Constr., Inc.*, 2015 WL 1539003, at *1 (C.D. Ill. Mar. 31, 2015) *(citing Wilson v. Wilson,* 46 F.3d 660, 664 (7th Cir.1995) (holding that a district court has the inherent power to enforce an agreement to settle a case that is pending before the district court)). Once a dismissal is entered, attempts to enforce the settlement agreement are more than a mere continuation or renewal of the dismissed suit and thus, requires its own jurisdictional basis. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 378 (1994). It is for this reason that while the district court, in its role as supervisor of the litigation, may summarily enforce a settlement agreement, *Hakim v. Payco Gen. Am. Credits, Inc.*, 272 F.3d 932, 936 (7th Cir. 2001), it should enforce only settlement agreements that have been completed, that is, agreements without material disputes surrounding the terms or existence of the agreement. *Wilson v. Wilson,* 46 F.3d 660, 664 (7th Cir.1995).

In this case, it is clear that the parties reached a settlement as both parties admit to the existence of the agreement in their filings. Likewise, there is no dispute as to the terms of the agreement. Instead, the sole impediment to the completion of the settlement is the inability of plaintiff's counsel to either reach his client or obtain his client's signature on the documents which all counsel agree accurately encompass the terms of the settlement. Accordingly, Plaintiff and Defendant are hereby ordered to execute the Settlement Agreement within thirty (30) days. Defendant is ordered to tender the agreed upon consideration within fourteen (14) days after the

documents are signed. Once the Court is notified of the execution of the settlement agreement, and the exchange of the agreed upon consideration, the Court will order the case dismissed with prejudice. Plaintiff's failure to execute the Settlement Agreement within thirty (30) days will result in the DISMISSAL of his action with PREJUDICE. The Defendants' Motion to Enforce Settlement is hereby GRANTED.

Entered: This 4th day of August, 2015

s/ William C. Lee  
United States District Court